Mulcahy v. The New York Floating Dry Dock Company.

---

RICHARD MULCAHY, Respondent, *against* THE NEW YORK FLOATING DRY DOCK COMPANY, Appellant.

(Decided June 16th, 1878.)

A corporation which lets a dry dock to a person, who uses it in his own business of repairing a vessel, is not liable for injuries to a workman employed by him, caused by a defective plank in staging built by him for the purpose of such repairs, where, though the planks for the staging were furnished by the corporation, yet they formed no part of the dry dock let, and the person using them for his staging had the right to accept or reject them or any of them.

APPEAL from a judgment of this court, entered upon a verdict for the plaintiff, and from an order denying a motion for a new trial made on the minutes.

The facts are stated in the opinion.

*Benedict, Taft & Benedict*, for appellant.

*W. W. Goodrich*, for respondent.

LARREMORE, J.—The business of the defendant is the maintenance of sectional dry docks, by which vessels are lifted out of the water for the purpose of repair. On August 7th, 1876, John Williams, a master carpenter, hired defendant's dock to raise and repair a vessel called the "Delia Carleton." The staging necessary for repairing her was built by direction of Williams, and by men under his employ. The planks for the staging were furnished by the defendant. Plaintiff (with others) was employed to make such repairs.

and, while using the staging thus furnished, was thrown down and injured by reason of the breaking of a plank upon which he was standing. For this injury he obtained a judgment of damages in this court, a review of which is sought on this appeal.

The controlling question in the case is, whether the defendant, by furnishing the planks for the staging, became liable for its defective construction. No agent or employee of the defendant had any supervision over or direction of the work. That was confided to Williams and his men, who had the right to accept or reject any plank unsuitable for the purpose intended. If he, or any one acting under him, neglected their duty, upon what principle of justice can the defendant be held responsible? There was no representation or warranty that all the planks were fit for use, and the defendant cannot be held accountable for a defect which the · plaintiff or his employer failed to discover.

In *Cook* v. *The President of the N. Y. Floating Dry Dock Company* (1 Hilt. 436), the judgment was sustained on the ground that the " standards " were a necessary grant of the machine for floating vessels for repairs, and that their insufficiency for that purpose created a liability as to a person injured thereby. The Court of Appeals, in reversing the judgment (opinion of GOULD, J.), affirms the doctrine established by the general term of this court in that case, as to the liability of the defendant where its own imperfect structure was the cause of the injury.

I think the principle of this case in harmony with those enunciated in the case last cited ; and that the judgment in this action should be reversed and a new trial granted, with costs to abide the event.

VAN BRUNT and BEACH, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.